UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

DEXTER CARL JONES,

        Petitioner,                      Case No. 1:24-cv-10734

v.                                          Honorable Thomas L. Ludington
                                            United States District Judge

MATT MACAULEY, warden,

        Respondent.
_____/

**ORDER TRANSFERRING HABEAS PETITION TO THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF MICHIGAN**

On March 22, 2024, Petitioner Dexter Carl Jones, confined at the Bellamy Creek Correctional Facility in Ionia, Michigan, filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In his application, Petitioner challenges his conviction for assaulting a prison employee following a bench trial in the Muskegon County Circuit Court. In the interests of justice, the Court concludes that the proper venue for this Petition is in the Western District of Michigan and orders that the Petition be transferred to that district.

28 U.S.C. § 2241(d) "explicitly" governs the jurisdiction of a federal court over habeas petitions, *see Taylor v. Owens*, 990 F.3d 493, 499 (6th Cir. 2021), and provides:

> Where an application for a writ of habeas corpus is made by a person in custody under the judgment and sentence of a State court of a State which contains two or more Federal judicial districts, the application may be filed in the district court for the district wherein such person is in custody or in the district court for the district within which the State court was held which convicted and sentenced him and each of such district courts shall have concurrent jurisdiction to entertain the application. The district court for the district wherein such an application is filed in the exercise of its discretion and in furtherance of justice may transfer the application to the other district court for hearing and determination.

28 U.S.C. § 2241(d).

Thus, a state prisoner who seeks relief from a state court conviction must file a petition for a writ of habeas corpus either in the federal district where he was convicted or in the district where he is confined, provided, of course, that both judicial districts are located within the same state. *Rumsfeld v. Padilla,* 542 U.S. 426, 443 (2004); *Braden v. 30th Judicial Circuit Court of Kentucky,* 410 U.S. 484, 497 (1973); *Schlanger v. Seamans*, 401 U.S. 487, 490, n. 3 (1971).  A federal district court lacks jurisdiction to hear a state prisoner's habeas petition, where the petitioner was not convicted, sentenced, or incarcerated within that district. *See Wadsworth v. Johnson*, 235 F.3d 959, 962-63 (5th Cir. 2000).  But, when venue is inappropriate, or when the interest of justice or convenience of parties and witnesses so requires, a district court may transfer any civil action to any other district or division where it may have properly been brought. *See Weatherford v. Gluch*, 708 F. Supp. 818, 819-820 (E.D. Mich. 1988); 28 U.S.C. § 1404(a). Indeed, when venue is inappropriate, a court may transfer a habeas petition to the appropriate federal district court *sua sponte. See Verissimo v. I.N.S.,* 204 F. Supp. 2d 818, 820 (D.N.J. 2002).

Petitioner was convicted in Muskegon County, Michigan, and is currently incarcerated at the Bellamy Creek Correctional Facility in Ionia, Michigan. *See generally* ECF No. 1. Both Muskegon County and Ionia are located in the Western District of Michigan. Thus, the United States District Court for the Western District of Michigan is the only court with jurisdiction to hear his 28 U.S.C. § 2254 petition. *See Carmona v. Andrews,* 357 F.3d 535, 537-39 (5th Cir. 2004); *see also Young v. Horton,* No. 2:19-CV-12710, 2019 WL 4732481, at *1 (E.D. Mich. Sept. 26, 2019); *Manes v. Bell,* No. 07-CV-11716, 2007 WL 1228093, *1 (E.D. Mich. Apr. 23, 2007) (noting the Western District of Michigan is the only proper venue for a habeas petition when the petitioner's place of conviction and confinement both fall within the geographic bounds of that District).

- 3 -

Accordingly, it is **ORDERED** that the Clerk's Office is **DIRECTED** to transfer the above-captioned case to the United States District Court for the Western District of Michigan. *See* 28 U.S.C. § 2241(d), 28 U.S.C. § 1404(a).

Dated: August 9, 2024                                           s/Thomas L. Ludington
                                                                THOMAS L. LUDINGTON
                                                                United States District Judge